# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODEL DRUG, INC., | Case No. 1:13-cv-01857-AWI-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS** |
| v. | (Docket No. 5) |
| AMERISOURCEBERGEN DRUG CORP., | |
| Defendant. | |
| _____/ | |

## I. INTRODUCTION

On November 15, 2013, Plaintiff Model Drug, Inc. ("Plaintiff") filed a complaint against Defendant Amerisourcebergen Drug Corporation ("Defendant"). (Doc. 1.) Additionally, Plaintiff filed a Notice of Request to Seal Documents. (Doc. 5.) Plaintiff seeks to seal Exhibits A, B, and C to the complaint. For the reasons set forth below, Plaintiff's request to seal documents is GRANTED.

## II. DISCUSSION

A motion to seal documents implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'cs, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court

records). The right to access is not absolute and can be overridden where there are sufficiently compelling reasons. *Id.*

The party seeking to seal a document related to a non-dispositive motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting differing treatment of judicial records attached to dispositive motions versus those attached to nondispositive motions).[1] In the Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, Plaintiff seeks to seal Exhibits A, B, and C to the complaint. (Doc. 5.) Plaintiff's Notice of Request to Seal Documents identifies Exhibits A, B, and C as follows:

> Exhibit A – a Prime Vendor Agreement between Plaintiff and Defendant dated March 1, 2009 – contains certain confidential and proprietary information, is designated as Confidential, and is subject to a Confidentiality Agreement between the parties. Exhibit B – a Prime Vendor Agreement between Plaintiff and Defendant, dated November 1, 2011 – also contains confidential and proprietary information, is designated as Confidential, and is subject to a Confidentiality Agreement between the parties. Exhibit C is an Enrollment Packet completed by Plaintiff in connection with its enrollment in Defendant's Central Pay Program. Not only does Exhibit C contain Plaintiff's private banking account, tax, and medical provider numbers, but also an addendum to a Provider Agreement between Defendant and a non-party which is marked as Confidential and Proprietary.

(Doc. 5, 2:1-10.)

Plaintiff contends that the information contained in Exhibits A and B - the Vendor

---

[1] Plaintiff's sealing request pertains to a complaint, which is a nondispositive pleading. *Baldwin v. United States*, 732 F. Supp. 2d 1142, 1145 (D. N. Mar. I. 2010) ("A complaint is a short and plain statement of the claims and the relief sought by an aggrieved party. Fed. R. Civ. P. 8(a). A complaint does not resolve any issues on the merits. Thus, the complaint is a nondispositive pleading.") As such, the "good cause" standard applies.

Agreements between Plaintiff and Defendant - contain trade secrets, including confidential pricing information and other terms that are not publicly or commercially available. "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (internal citation and quotation marks omitted); *see also MMI, Inc. v. Baja, Inc*., 743 F. Supp. 2d 1101, 1105 (D. Ariz. 2010). Further, Plaintiff contends that the information in Exhibit C contains confidential and proprietary information relating to an agreement entered between Defendant and a non-party, as well as Plaintiff's private banking account, tax, and medical provider numbers, the disclosure of which could result in harm to Plaintiff. *See* Fed. R. Civ. P. 5.2 (requiring the redaction of such personal information from filings made with the court).

Plaintiff asserts that if the information contained in Exhibits A, B, and C were known to competitors, it would give them an opportunity to obtain an unfair business advantage over Plaintiff. Further, Plaintiff asserts that potential damage could arise against Defendant from the disclosure of these Exhibits, particularly in light of the fact that Defendant has not yet appeared in this case, and is therefore, not in a position to argue in favor of the protection of its trade secrets or other proprietary and confidential information.

Good cause to seal is generally found where the disclosure of proprietary information could cause a party competitive injury. *See, e.g., Otoski v. Avidyne Corp*., No. CV 09-3041-PK, 2010 WL 5158390, at *3 (D. Or. Dec. 13, 2010). As such, the Court finds good cause exists to seal Exhibits A, B, and C to the complaint, as disclosure of these proprietary and confidential documents may cause the parties competitive harm. Accordingly, Plaintiff's request to seal these documents is GRANTED.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's request to seal Exhibits A, B, and C of the complaint is GRANTED; and

3

2. Plaintiff is directed to submit the documents to be sealed to the Clerk of the Court as set forth in Rule 141(e)(2)(i) of the Local Rules of the United States District Court, Eastern District of California.[2]

IT IS SO ORDERED.

Dated:   **November 26, 2013**                    **/s/ Sheila K. Oberto**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Should Plaintiff elect to submit the documents to be sealed to the Clerk of Court electronically, this can be accomplished by emailing the documents to ApprovedSealed@caed.uscourts.gov. A link to the Clerk's email address for sealed documents is contained on the Court's web site at the following location:
 http://www.caed.uscourts.gov/caed/staticother/page_1652.htm.